# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FREELAND LENDING, LLC, an Ohio Limited Liability Company,<br><br>Respondent,<br><br>v.<br><br>RCJS PROPERTIES, LLC, a Washington Limited Liability Company, and All Other Occupants of 3917 Key Peninsula SW, Longbranch, WA 98351,<br><br>Defendants,<br><br>RICHARD SORRELS,<br><br>Appellant. | No. 54885-2-II<br><br><br><br><br><br><br><br><br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — Richard Sorrels appeals the superior court's order granting Freeland Lending, LLC's motion for summary judgment and ordering a writ of ejectment. Sorrels argues that the superior court erred by denying Sorrels' motion to continue the summary judgment hearing. Sorrels also argues that the superior court lacked personal jurisdiction because not all necessary parties were served. We dismiss this appeal because Sorrels, who has no title to or possessory interest in the property at issue, is not an aggrieved party.

### FACTS

In 2016, RCJS Properties, LLC secured a commercial loan from Freeland Lending with a deed of trust to the property at 3917 Key Peninsula Highway in Longbranch, WA. RCJS Properties was administratively dissolved in 2017.

RCJS Properties defaulted on the loan. After RCJS Properties defaulted on the loan, Freeland Lending obtained a judgment and decree of foreclosure in the United States District Court in the Western District of Washington. Freeland Lending purchased the property at auction pursuant to an order of sale. RCJS Properties failed to redeem the property. Freeland Lending obtained a United States Marshal's Deed to the property.

On January 24, 2020, Freeland Lending filed a complaint for a writ of ejectment against RCJS Properties and "All Other Occupants" of the property at 3917 Key Peninsula Highway in Longbranch, WA. Clerk's Papers (CP) at 1. Service was made on "All Other Occupants" by personal service on a "John Doe" on the property, who refused to provide his name. CP at 45, 47. Attempts to personally serve Sorrels as RCJS's registered agent were not successful, so Freeland Lending effected service by certified mail under RCW 23.95.450. Sorrels signed the receipt for delivery of the certified mailing. Sorrels filed a notice of appearance on Freeland Lending.

Freeland Lending filed a motion for default against RCJS Properties and "All Other Occupants" of the property. CP at 44. Despite not being a named defendant in the action and not having any title to or possessory interest in the property, Sorrels filed an answer to Freeland Lending's complaint. The superior court entered an order of default against RCJS Properties and "All Other Occupants" of the property, but amended the caption to add Sorrels as a defendant in the action. CP at 71.

On March 24, 2020, Freeland Lending moved for summary judgment and an order granting a writ of ejectment. Sorrels moved to continue summary judgment until 30 days after COVID-19 restrictions were lifted. Sorrels claimed that a continuance was warranted under CR 56(f) because "affidavits and discovery cannot be had." CP at 131.

At the hearing on summary judgment, Sorrels told the superior court that COVID-19 was interfering with his ability to do legal research, contact an attorney, and obtain declarations from the U.S. Marshalls. Although the superior court did not specifically address Sorrels motion to continue, the superior court stated that Freeland Lending was entitled to possession by virtue of the Marshal's deed and any problems with the underlying foreclosure needed to be addressed in the U.S. District Court. The superior court granted Freeland Lending's motion for summary judgment and ordered a writ of ejectment.

Sorrels appeals.

ANALYSIS

Freeland Lending argues that Sorrels is not an aggrieved party in this case and, therefore, may not seek review. We agree and dismiss Sorrels' appeal.

Under RAP 3.1, "[o]nly an aggrieved party may seek review by the appellate court." In order for a party to be aggrieved, the decision appealed must affect the party's property or pecuniary rights. *Randy Reynolds & Assoc., Inc. v. Harmon*, 193 Wn.2d 143, 150, 437 P.3d 677 (2019). If a party is not aggrieved, we should dismiss the appeal. *See Randy Reynolds*, 193 Wn.2d at 151 ("Reynolds therefore does not qualify as an 'aggrieved party' and had no grounds to appeal. RAP 3.1 The Court of Appeals should have dismissed review." (Citations omitted.)).

Here, Sorrels argues that the proper defendants in this case, RCJS Properties and the occupants/true owners of the property, were never served. He claims that he only filed a notice of appearance because he mistakenly believed he was a defendant in the case. Even at the superior court, Sorrels argued that Freeland Lending was "suing the wrong people" and conceded he did not have title to the property. Verbatim Report of Proceedings (May 22, 2020) at 5. Sorrels argued that the correct parties were Christopher Sorrels, trustee of the trust that Sorrels alleged owned the

3

property, and Kelle Clinton, who leased the property. Further, Sorrels conceded he did not have possession of the property and did not reside there.

Because Sorrels does not claim title to the property and does not claim a possessory interest in the property, he has no property interest that is affected by the superior court's order granting Freeland Lending's motion for summary judgment and ordering a writ of ejectment. Without a property interest affected by the order on appeal, Sorrels is not an aggrieved party. Therefore, we dismiss Sorrels appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Price, J.